HARRIS, Judge.
We grant certiorari.
Ocala Breeders Sales Company (OBS) sued Hansi Heck-Melnyk (Heck) on a sales lease agreement. Although the named tenant in the sales lease agreement was Serenity Bloodstock Company, Inc., OBS sued Heck individually apparently because the words “Serenity Bloodstock Company, Inc.”, although typed in the appropriate place at the beginning of the printed lease form, did not appear directly above Heck’s individual signature.
Heck denied responsibility[1] and, according to the court’s order of July 23, 1990, the parties submitted the case upon the deposition of Heck to the court for a determination “as a question of law.”
The court ordered that OBS “shall ... submit a written memorandum of law” and that thereafter Heck “shall submit an opposing memorandum[.]" Heck claims that OBS failed to serve her with a copy of a memorandum.[2] Heck, waiting for the OBS memorandum, filed nothing. After an appropriate delay, the court entered its final judgment in favor of OBS on September 20, 1990.[3]
On September 26, Heck, by letter to the court, requested a rehearing because she was not permitted to be heard prior to final judgment. She contended that she was told not to file a memorandum until OBS did and that while she was waiting, the final judgment was entered.[4]
On October 23 the judge responded to Heck’s follow-up letter by returning a copy of her letter with the following handwritten notation:
The court finds in favor of the plaintiff— the final judgment stands as entered.
Hale R. Stancil
10/23/90
On October 31, 1990 Heck appealed to the Marion County Circuit Court. OBS moved to dismiss the appeal because it “was filed more than 30 days from the date of the final judgment.” The circuit court dismissed the appeal.
Since we construe her letter of September 26 to be a timely motion for rehearing not ruled on by the court until October 23, *421 1990, we find that the appeal filed on October 31 was timely and reverse its dismissal.
We remand to the circuit court for consideration of Heck’s due process argument that she was denied the right to be heard. She expected, and asserts that she was assured by court and counsel, that her position expressed in a memorandum would be considered by the judge before ruling. She contends she was denied that right because OBS failed to serve her a copy of its memorandum. If so, she was denied the right to make an argument in support of her position.
Although not necessary for this opinion, we find the underlying issue interesting. The complaint does not specify the basis for alleging that its sales lease which designates Serenity Bloodstock Company, Inc. as its tenant was, in fact, a lease “entered into” by Heck. In OBS’s memorandum supplied to the court after an order to supplement the record, it is apparent that OBS relied on 673.403(2), Florida Statutes (1989) although this statute applies only to negotiable instruments.[5]
But this issue awaits another day.
REVERSED with instructions to reinstate Heck’s appeal in the circuit court.
GRIFFIN and DIAMANTES, JJ., concur.

. Our task and that of respondent’s counsel is made more difficult because petitioner is acting pro se. For example, her motion to dismiss, referred to in the file, (as well as a transcript of the hearing also referred to) is not included in the record. Because our decision is not based on the merits of the case, we find such omission not fatal.

. Actually it appears that OBS did file a memorandum with the clerk. However, as evident from the judge’s letter of October 8, 1990, it apparently failed to make it to the court file — or to the judge. This lends credence to Heck’s complaint that she did not receive a copy.

. The certificate of service shows that it left the judge’s office on September 24.

. After the September 26th letter was acknowledged by the judge explaining that he waited until the time ran for memorandums before entering the final judgment, Heck again wrote the court complaining that she was not given an opportunity to be heard although the court and opposing attorney promised her that opportunity-

. Section 673.102(1), (3), Fla.Stat. (1989).